

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00148-CV

---

HUB CITY VETERINARY CLINIC, PLLC, APPELLANT

V.

JEFF LEDFORD, DVM, APPELLEE

---

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. DC-2023-CV-1532-A, Honorable Les Hatch, Presiding

---

July 21, 2026

## MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Hub City Veterinary Clinic, PLLC appeals from a final judgment entered in a cause severed from underlying litigation between Hub City and one of its members, Jeff Ledford, DVM. In five issues, Hub City challenges the trial court's construction of the parties' Company Agreement and the trial court's order severing portions of the parties' declaratory-judgment claims into a separate cause. Because we conclude that the severance was an abuse of discretion, we sustain Hub City's severance issue, reverse

the severance order, vacate the judgment in the severed cause, and remand for consolidation with the original cause. We do not reach Hub City's remaining issues.

## BACKGROUND

Hub City is a professional limited liability company. Ledford was one of its members, holding an interest governed by a written Company Agreement. Paragraph 3.5 of that Agreement addresses removal of a member through an "Interest Buyout Call Option," pursuant to which Hub City may acquire the interest of a departing member at a price based on the member's "allocable percentage in the fair market value of the Company." Paragraph 3.5.2, in turn, addresses how the purchase price is to be determined. Paragraphs 7.4 and 7.5 address a member's "removal" and provide that a removed member is entitled to a "Termination Payment" measured by the member's Capital Account balance.

In October 2023, Hub City sent Ledford a letter that Ledford construed as an exercise of the Call Option under Paragraph 3.5. The next month, Hub City sent a second letter purporting to remove Ledford pursuant to Paragraphs 7.4 and 7.5. Hub City then sued for declaratory relief, seeking judicial construction of the Agreement and a declaration that Ledford had been removed under Paragraphs 7.4 and 7.5. Ledford counterclaimed for declaratory relief of his own, together with claims for appointment of a rehabilitative receiver, damages against Hub City, and damages against third-party defendants Cindy Heatwole, DVM, and Caleb Heatwole, DVM. Both parties requested costs and reasonable and necessary attorney's fees under section 37.009 of the Texas Civil Practice and Remedies Code.

The parties filed cross-motions for partial summary judgment on the declaratory judgment issues. On December 2, 2024, the trial court entered an Amended Order on Cross Motions for Summary Judgment declaring, in relevant part, that (1) Paragraphs 7.4, 7.5, and 6.1.1 do not authorize involuntary removal of a member; (2) Hub City exercised the Call Option under Paragraph 3.5 by its October 9, 2023 letter; (3) Ledford was removed on November 8, 2023, pursuant to that exercise; and (4) the Paragraph 3.5.2 buyout is to be measured by Ledford's allocable percentage of the fair market value of the Company as of November 8, 2023, "to be determined at a later date." The summary judgment order further reserved for later determination whether an award of costs and attorney's fees under Chapter 37 would be equitable and just.

After the MSJ Order but before severance was granted, Hub City amended its petition to add, in the alternative under paragraph 37(f), six additional declarations addressing how fair market value under Paragraph 3.5.2(a) is to be determined, including that the fair market value must be determined by the members, that determination requires only a majority (not unanimity), and that the price paid by Ledford when he acquired his interest continues to define fair market value unless changed by the Members.

On March 26, 2025, the trial court granted Ledford's motion to sever. The severance order transferred certain declaratory rulings, referenced by their placement in paragraphs 37(a)-(e) of Hub City's first amended petition, into a new cause, No. DC-2023-CV-1532-A. The order declared the summary judgment order final in that severed cause. The order also contained a specific exception:

3

> [W]ith respect to Count 5, the Court declines to rule upon and does not hereby sever the issues of how Fair Market Value is to be determined or whether to apply discounts for lack of control and minority status[.]

The paragraph 37(f) declarations added by amendment before severance remain pending, along with all other unresolved claims, including Ledford's receivership request, damages counterclaims, third-party claims, and the reserved fee issue. Hub City timely appealed.

### APPELLATE JURISDICTION

We first address our jurisdiction. A judgment that fully disposes of all parties and claims in a severed cause is final and appealable even when claims remain pending in the original cause. *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820–22 (Tex. 2024). A judgment that includes clear and unequivocal finality language is final for purposes of appeal, even if it does not in fact dispose of every claim before the trial court. *Id.* at 820; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). And an erroneous severance order does not deprive the appellate court of jurisdiction; the severance, until reversed, effectively divides the controversy, and any error may be challenged on appeal. *Sealy*, 685 S.W.3d at 822–24; *Pierce v. Reynolds*, 329 S.W.2d 76, 78–79 (Tex. 1959).

The severance order here unequivocally declared the summary judgment order final in the severed cause. Whether the severance was procedurally proper is the subject of Hub City's issue on severance, but the asserted error does not defeat our jurisdiction. *See Sealy*, 685 S.W.3d at 822. We proceed to that issue.

4

**ANALYSIS**

**A. STANDARD OF REVIEW AND GOVERNING FRAMEWORK**

We review a severance order for abuse of discretion. *F.F.P. Operating Partners*, 237 S.W.3d at 693; *Sealy*, 685 S.W.3d at 822. Texas Rule of Civil Procedure 41 authorizes trial courts to sever "[a]ny claim against a party." Tex. R. Civ. P. 41. A severance is proper when "(1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of an independently asserted lawsuit, and (3) the severed claim is not so interwoven with the remaining action that the actions involve the same facts and issues." *State v. Morello*, 547 S.W.3d 881, 889 (Tex. 2018). Within those limits, severance may be used to avoid prejudice, do justice, or increase convenience. *Sealy*, 685 S.W.3d at 822.

Three limits constrain that discretion. First, "severance of a single cause of action into two parts is never proper." *Sealy*, 685 S.W.3d at 822 (*quoting Pierce*, 329 S.W.2d at 79 n.1). Second, severance "should not be granted for the purpose of enabling the litigants to obtain an early appellate ruling on the trial court's determination of one phase of the case." *Id*. Third, severance of two or more causes of action "involving the same facts and issues to be litigated" constitutes an abuse of discretion. *Sealy*, 685 S.W.3d at 822–23 (*quoting Morello*, 547 S.W.3d at 889; *F.F.P. Operating Partners*, 237 S.W.3d at 693).

**B. THE SEVERANCE ORDER DIVIDED A SINGLE CONTROVERSY.**

Hub City argues that the trial court abused its discretion because the order divided interwoven portions of a single contract-construction and declaratory-judgment dispute.

5

Ledford responds that the trial court severed resolved legal declarations that could stand alone and retained only remaining factual issues and other causes of action.[1]  We agree with Hub City.

At its core, the problem in this case is that the severed judgment does not actually resolve anything the parties can act on.  The trial court declared that Paragraph 3.5 was invoked, that Ledford was removed pursuant to that invocation, and that Paragraph 3.5.2 supplies the pricing formula, meaning Ledford's allocable percentage of the fair market value of the Company.  But the order expressly retained in the original cause the questions that determine what fair market value means, how it is calculated, and whether discounts for lack of control or minority status apply.  Six additional declaratory requests added by amendment before severance now target the same pricing mechanism, addressing how fair market value is determined, by whom, and by what vote.

In other words, the severed judgment is simply a formula without any numbers.  Ledford cannot collect on it, Hub City cannot calculate what it owes, and neither side can measure the ruling's practical effect until the questions retained in the original cause are answered.  That is not a resolved controversy fit for independent adjudication; it is half of one.  The retained questions are the next step in applying the same Paragraph 3.5.2 formula the severed judgment declared controlling, and they arise from the same separation dispute, the same Company Agreement, and the same October and

---

[1] Ledford also contends that Hub City has failed to adequately articulate how the trial court abused its discretion.  We disagree.  Hub City's brief identifies the *Sealy* framework, cites the record for each factual predicate on which its argument depends, and applies each *Sealy* factor to those materials.  The argument could have been developed more expansively, but it is not so deficient as to present nothing for review. *See* TEX. R. APP. P. 38.1(i); *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010).

November 2023 events. Rule 41 authorizes severance of claims, not phases of claims. *See Pierce*, 329 S.W.2d at 78–79. Dividing these inquiries between two suits runs afoul of the rule that severance of a single cause of action into two parts is never proper. *Pierce*, 329 S.W.2d at 79 n.1; *Sealy*, 685 S.W.3d at 822.

## C. RULE 41 SEVERANCE IS NOT A SUBSTITUTE FOR PERMISSIVE INTERLOCUTORY APPEAL.

The severance also runs afoul of the rule against using Rule 41 to manufacture an interlocutory appeal. Ledford's brief acknowledges as much, describing the severance as having "created a platform for the remaining actions . . . to be litigated with that knowledge at hand." That is the very purpose the Supreme Court has told trial courts not to pursue: severance "should not be granted for the purpose of enabling the litigants to obtain an early appellate ruling on the trial court's determination of one phase of the case." *Pierce*, 329 S.W.2d at 79 n.1; *Sealy*, 685 S.W.3d at 822. In *Sealy*, the high court directed that "[i]n cases where severance would be procedurally improper, courts should encourage parties to use the permissive appeal option provided by the Legislature." 685 S.W.3d at 824; *see* TEX. CIV. PRAC. & REM. CODE § 51.014(d). Rule 41 severance is not a substitute for that statutory mechanism.

## D. REVERSAL OF THE SEVERANCE PRETERMITS THE REMAINING ISSUES.

Because the severance was improper, we decline to reach Hub City's remaining issues. *See* TEX. R. APP. P. 47.1. Proceeding to appellate judgment on the severed portion while the withheld portion remains pending below would give appellate effect to the very division Rule 41 forbids and would deprive the parties, on remand, of an integrated determination of their Paragraph 3.5 rights. The narrowest ground of decision,

7

and the ground most faithful to binding authority, is to reverse the severance without addressing the merits of the underlying construction of the Company Agreement. *See In re B.L.D.,* 113 S.W.3d 340, 349 (Tex. 2003).

Nothing in this opinion should be read as approving or disapproving the trial court's construction of the Company Agreement. Because the severance is reversed, the summary judgment order reverts to interlocutory status in the original cause, No. DC-2023-CV-1532. On remand, the trial court retains full authority to reconsider or apply that order in further proceedings as it sees fit, and nothing we hold today constrains it.

## CONCLUSION

We sustain Hub City's issue challenging the severance. Our disposition pretermits Hub City's remaining issues. The order of severance dated March 26, 2025, is reversed. The judgment in Cause No. DC-2023-CV-1532-A is vacated to the extent it purports to be a final judgment. The cause is remanded to the trial court for consolidation with Cause No. DC-2023-CV-1532 and for further proceedings consistent with this opinion.

Lawrence M. Doss
Justice

8